HARRISON E. FRYBERGER, Appellant, *v.* N. W. HARRIS COMPANY, INC., et al., Respondents, Impleaded with Others.

Argued January 13, 1937; decided January 26, 1937.

*Harrison E. Fryberger*, appellant in person. Appellant is entitled to prosecute this appeal as a matter of right for the reason that a constitutional question is involved. (*Brookman* v. *Hamill*, 43 N. Y. 554; *Delaney* v. *Brett*, 51 N. Y. 78; *Gambold* v. *MacLean*, 254 N. Y. 357; *Marcus* v. *Kane*, 18 Fed. Rep. [2d] 722; *Borgfeldt* v. *Wood*, 92

Hun, 260; *First National Bank* v. *Frankel,* 235 App. Div. 96; *Niles* v. *Yoakum,* 179 App. Div. 75; *Commercial C. Corp.* v. *Third & Layfayette Sts. Garage, Inc.,* 226 App. Div. 235; *Seneca W. & Mfg. Co.* v. *Leach,* 247 N. Y. 1; *Place* v. *Minster,* 65 N. Y. 89; *Northern Pacific Ry. Co.* v. *Boyd,* 228 U. S. 482; *Silver King* v. *Silver King,* 204 Fed. Rep. 166; *Central Imp. Co.* v. *Cambria Steel Co.,* 201 Fed. Rep. 11; *Hurd* v. *New York & C. Steam Laundry Co.,* 167 N. Y. 89; *Pierce* v. *U. S.,* 255 U. S. 398; *Kansas City Ry. Co.* v. *Central Union Tr. Co.,* 271 U. S. 445.) Where the decisive question is whether a judgment is the result of due process, the appeal lies to this court as a matter of right. (*Valz* v. *Sheepshead Bay B. Corp.,* 249 N. Y. 122; *Bradt* v. *McClenahan,* 118 App. Div. 768.)

*David B. Landis* for N. W. Harris Company et al., respondents. The appeal must be dismissed as it does not lie as of right and appellant has failed to obtain leave to appeal. (*Matter of Haydorn* v. *Carroll,* 225 N. Y. 84; *Cowles* v. *Cowles,* 235 N. Y. 559; *Matter of Weiss* v. *Wickwire Spencer Steel Corp.,* 242 N. Y. 533; *Harper* v. *Thompson,* 249 N. Y. 617; *Gans* v. *Callaghan,* 256 N. Y. 552; *People ex rel. Moss* v. *Bd. of Supervisors,* 221 N. Y. 367.) Error on the part of the trial court does not violate the Fourteenth Amendment of the Federal Constitution or section 6 of article 1 of the Constitution of the State of New York. (*Hanna* v. *Stedman,* 230 N. Y. 326; *Mulligan* v. *Bond & Mortgage Guarantee Co.,* 193 App. Div. 741; *Kilpatrick* v. *Argyle Co.,* 199 App. Div. 753.)

*Arthur M. Boal* for Consolidated Electric and Gas Company et al., respondents.

HUBBS, J. Appellant has appealed without permission from a judgment of the Appellate Division, which unanimously affirmed a judgment of the Special Term dismissing his complaint upon the merits after a trial.

This court is without jurisdiction under the Civil Practice Act (§ 588, subd. 5) to entertain this appeal from an unanimous affirmance by the Appellate Division taken without consent. Such consent has not been granted. Appellant insists that this court has jurisdiction under the Civil Practice Act (§ 588, subd. 1) because there is " directly involved the construction of the Constitution of the State or of the United States." If he is right in such contention, the court has jurisdiction.

The action has been treated and tried as an action in equity. Appellant denominates it as an action in the nature of a creditor's bill. The Appellate Division referred to it as an action for rescission. Appellant charges that the defendant corporations, their agents and confederates, made certain false and fraudulent representations to appellant and his assignors which induced them to purchase certain shares of stock of the Central Public Service Corporation; that respondent, Central Public Service Corporation, and their confederates and respondent, N. W. Harris Company, entered into a conspiracy to transfer all of the assets of the Central Public Service Corporation to two new corporations, the respondents Consolidated Electric and Gas Company and Central Public Utility Corporation for the purpose of hindering and defrauding creditors; that when he discovered the fraud, he and his assignors rescinded the purchases and demanded back the purchase price paid for the stock and that by reason of the rescission they were converted from stockholders to creditors. He demands an equitable lien on the assets so transferred, that all entries in the books showing him a stockholder be canceled, and for a personal judgment against the individuals who took part in the conspiracy.

The alleged constitutional question directly involved is that the judgment violates the Fourteenth Amendment to the United States Constitution, for the reason that the decision and judgment are not responsive to the issues; that the court failed to give due weight to the evidence

produced by appellant; and that the court acted arbitrarily in applying erroneous principles of law. Appellant made a motion for a new trial, in which he stated: " That the findings in favor of defendants, the decision and judgment of the Court deprive plaintiff of his property without due process of law and in violation of the Fourteenth Amendment to the Constitution of the United States and of Article 1, Section 6, of the Constitution of the State of New York."

The gist of his claim is that the judgment granted by the Special Term and unanimously affirmed by the Appellate Division is wrong, and that he has been deprived of his property without due process of law. We are unable to see that there is any constitutional question directly involved on this appeal. Appellant has had his day in court; has had a trial lasting about nine days; and all issues which the court decided relevant under the applicable rules of law have been decided by the court in a decision which contains over a hundred findings of fact.

" It is firmly established that when parties have been fully heard in the regular course of judicial proceedings an erroneous decision of the State court does not deprive the unsuccessful party of his property without due process of law within the Fourteenth Amendment of the Constitution of the United States." (*Bonner* v. *Gorman,* 213 U. S. 86, 91.)

The appeal should be dismissed, with costs. (See 273 N. Y. 584.)

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur; FINCH, J., taking no part.

Appeal dismissed.