## FELDMAN v. PENNROAD CORPORATION.
### No. 9038.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 7, 1946.
Decided May 21, 1946.

Leo Brady, of New York City (Mortimor S. Gordon, of New York City, and Stewart Lynch, of Wilmington, Del., on the brief), for appellant.

Morris Wolf, of Philadelphia, Pa. (Daniel O. Hastings, of Wilmington, Del., Wolf, Block, Schorr & Solis-Cohen, of Philadelphia, Pa., and Hastings, Stockley and Layton, of Wilmington, Del., on the brief), for respondent.

Robert T. Murphy, of Washington, D. C. (Joseph B. Keenan, of Washington, D. C., and James M. Tunnell, Jr., of Georgetown, Del., on the brief), for Julia A. Perrine, amicus curiae.

Before MARIS, GOODRICH, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Delaware dismissing a complaint. The following facts provide a necessary background for the proper understanding of the issues raised.

On October 18, 1932 Julia A. Perrine and Joseph W. Perrine, holders of securities of Pennroad Corporation, brought a stockholders' derivative suit in the Court of Chancery of Delaware in which they sought, inter alia, to charge the Pennsylvania Railroad Company, its directors, and the directors and voting trustees of Pennroad with losses sustained by Pennroad as the result of the alleged wrongful conduct of the defendants. Service was not had upon the individual defendants and consequently the case remained inactive.

In March 1939 Ione M. Overfield and Grace S. Weigle commenced separate stockholders' derivative suits in the District Court for the Eastern District of Pennsylvania. These were combined for trial. The defendants and the causes relied upon for recovery in the Overfield-Weigle suits were substantially the same as in the Perrine suit. The trial of the Overfield-Weigle suits resulted in a verdict and judgment against the Pennsylvania Railroad Company for $22,104,515.92. This judgment was later reversed by this court.[1] The order of this court reversing the judgment of the district court against the Railroad Company was filed December 2, 1944. The mandate, however, has not as yet issued, since the time for filing a petition for rehearing has been successively extended by order of the court, the present extension being to June 15, 1946. No such petition has as yet been filed. Negotiations for settlement began in January 1945 and culminated in an agreement of settlement, approved by the board of directors of both the Railroad Company and Pennroad. The relevant provisions of this agreement are that the Railroad Company agrees to pay Pennroad $15,000,000, subject to the approval of the Court of Chancery of Delaware and subject to the condition that prior to the payment the Perrine suit shall have been settled and ended in accordance with law and the rules of the Court of Chancery of Delaware and the Overfield-Weigle suits shall have been so disposed of that the mandate of this court now directed to be entered shall go forward to the district court and the bill be dismissed accordingly, but without costs and the time for a writ of certiorari shall have elapsed.

In the agreement Pennroad covenants to bring no further suits or engage in any controversy with the Railroad Company or its directors concerning any matters

---

[1] Overfield v. Pennroad Corporation, 3 Cir., 1944, 146 F.2d 889.

arising out of the several complaints or the purchases complained of, as set forth in any of the above named suits, and to deliver releases to the Railroad Company, to the individual defendants named in the suits who are now living, and to the estates of those who are deceased. In case the settlement is not consummated, there is to be no prejudice to any of the parties by reason of making the agreement.

In March 1945 Pennroad petitioned the Court of Chancery of Delaware in the pending suit of Perrine v. Pennroad to approve this proposed agreement of settlement. A hearing upon the petition was set for April 23, 1945. Before the hearing, on April 16, 1945, Matilda J. Feldman, a stockholder of Pennroad residing in New York, filed a complaint in the District Court for the District of Delaware in which she invoked the jurisdiction of the court by reason of diversity of citizenship in a controversy involving, exclusive of interest and costs, in excess of $3,000. She averred substantially the same wrongful conduct by the Pennsylvania Railroad Company and by Pennroad's directors as was relied upon in the Perrine, Overfield and Weigle suits. She asked that the district court enjoin Pennroad from consummating the proposed settlement with the Railroad Company and appoint a receiver for Pennroad to prosecute all claims on its behalf and to supervise the election by Pennroad's stockholders of a competent and disinterested board of directors.

Pennroad moved to dismiss the complaint for failure to allege facts sufficient in law to permit the court to grant the relief sought. The district court dismissed the complaint on May 25, 1945. On April 23, 1945 the scheduled hearing was conducted by the Vice-Chancellor in Wilmington, Delaware, at which time the plaintiff as well as many other interested parties appeared in opposition to the granting of the petition for the approval of the agreement of settlement. Subsequently on August 9, 1945 the Vice-Chancellor of the Court of Chancery of Delaware handed down his decision approving the proposed settlement and authorizing Pennroad to carry it out.[2]

The plaintiff, on August 24, 1945 filed her notice of appeal to this court from the order of the district court dismissing her complaint. On May 10, 1946 the Supreme Court of Delaware affirmed the decision of the Court of Chancery.[3]

The district court dismissed the complaint because it thought Section 265 of the Judicial Code, 28 U.S.C.A. § 379, prohibited the granting of the injunction sought by the plaintiff and because it believed the plaintiff's rights would be adequately protected in the pending proceeding in the Delaware Court of Chancery. In view of the final determination of the latter proceeding, however, we need not pass upon the grounds relied upon by the district court in support of its action, since we think that the plaintiff is now in any event estopped by the final judgment in the Delaware proceeding from establishing the basic facts upon which her cause of action must necessarily rest.

■ Since the jurisdiction of the district court is invoked solely upon the ground of diversity of citizenship the plaintiff's cause of action must necessarily find its support in the law of Delaware. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. Under the Delaware law a stockholder is entitled in a derivative suit to have a proposed settlement of a claim by his corporation set aside if it appears that there is fraud or unfair dealing on the part of the directors of the corporation in arriving at the settlement. Karasik v. Pacific Eastern Corporation, 1905, 21 Del.Ch. 81, 180 A. 604. The want of good faith on the part of the directors may be shown by evidence that the settlement is so grossly inadequate as to indicate that the directors were reckless and indifferent to the rights of the stockholders and did not exercise reasonable business judgment. Allied Chem. & Dye Corporation v. Steel & Tube Co., 1923, 14 Del.Ch. 1, 120 A. 486. If, however, the directors act in good faith the Delaware court will not interfere with the exercise of their business discretion in the settlement of a dispute in which the corporation is interested by substituting

---

[2] Perrine v. Pennroad, 1945, Del.Ch., 43 A.2d 721.

[3] Perrine v. Pennroad, 1946, Del.Ch., 47 A.2d 479.

for theirs its independent judgment as to the adequacy of the settlement. Perrine v. Pennroad, 1946, Del.Ch., 47 A.2d 479.

The plaintiff urges that in the federal court she is entitled to have the court itself consider the adequacy of the consideration. She calls attention to Civil Procedure Rule 23(c), 28 U.S.C.A. following section 723c, which provides that "A class action shall not be dismissed or compromised without the approval of the court * * *." But this rule refers to action by the court in which the class suit is pending. It may well be that if the Overfield-Weigle suits had not been finally decided by this court but were still pending undetermined in the District Court for the Eastern District of Pennsylvania and an application had been made to that court for leave to dismiss them pursuant to a compromise settlement that court would have had authority to consider independently the wisdom and sufficiency of the settlement. The court below, however, was not in that position. No class suit was pending before it. On the contrary, as has been stated, its jurisdiction was invoked solely by reason of the diversity of citizenship of the parties and its duty, therefore, was to treat the plaintiff's cause of action exactly as the Delaware Court of Chancery would have treated it. Under the Delaware law, however, as we have seen, the plaintiff's right to obtain judicial relief depends wholly upon the existence of the fact, alleged by her, that the directors of Pennroad were guilty of bad faith and acted in the interests of the Pennsylvania Railroad Company rather than in the interests of their own stockholders in entering into the agreement of settlement. In the absence of bad faith, the Delaware law affords her no right to judicial interference with the settlement merely because the amount agreed upon in settlement is deemed by her to be inadequate.

The decisive question, therefore, is whether the plaintiff is presently in position to establish the basic facts which are necessary to support her cause of action. Turning to that question we note that the Delaware Court of Chancery in the proceeding to which we have referred, has found as a fact after a full hearing that the Pennroad directors acted in good faith in agreeing to the settlement. Moreover, it found that the sum of $15,000,000 offered in settlement was not so grossly inadequate as to stigmatize the directors' acceptance of it as reckless and dishonest. We note also that the decision of the Court of Chancery was affirmed by the Supreme Court of Delaware and is now final. The plaintiff actively participated in the hearing in the Court of Chancery and in the appeal in the Supreme Court. The determination of these basic facts by the Court of Chancery is, therefore, now conclusive between the plaintiff and Pennroad and she is estopped from further disputing them in the present case. Fryberger v. Consolidated E. & G. Co., 1938, 22 Del.Ch. 357, 7 A. 2d 211; Southern Pacific Railroad v. United States, 1897, 168 U.S. 1, 48, 49, 18 S.Ct. 18, 42 L.Ed. 355; Tait v. Western Md. Ry. Co., 1933, 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405; Restatement, Judgments, Sec. 68. Inasmuch as the plaintiff is now permanently precluded from establishing the factual basis of her alleged cause of action the dismissal of her complaint must be affirmed.

The order of the district court is affirmed.