**Phillip PLACE, Sharon L. Place, Kathleen Faye Place Trust, and Billy H. Place Trust, Appellants,**

v.

**P.M. PLACE STORES COMPANY, Charles M. Place, Charles P. Place, Wayne F. Lee, Martha Place, William B. Henry, and Donald Connell, Respondents.**

No. WD 45889.

Missouri Court of Appeals, Western District.

April 20, 1993.

As Modified May 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied Aug. 17, 1993.

---

Timothy Joseph Sear, Kansas City, for appellants.

John R. Cleary, Kansas City, for respondents.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

P.M. Place Stores Company wants to sell its treasury shares to its employees in exchange for promissory notes. Phillip Place, Sharon L. Place, the Kathleen Faye Place trust, and the Billy H. Place trust are shareholders of Place, and they contend that § 351.165 [1] prohibits the corporation from accepting promissory notes as payment for treasury shares. We agree.

Place, a Missouri corporation whose principal place of business is Bethany, owns and operates 35 retail variety and discount stores in Missouri, Kansas and Iowa. Place's articles of incorporation authorize issuance of 150,000 shares of common stock. When the appellants filed this lawsuit, Place had issued 71,684 shares of common stock which were outstanding. Phillip Place, Sharon L. Place, the Kathleen Faye Place trust, and the Billy H. Place trust own 22,748 shares, or 28.95 percent of the issued and outstanding shares.

Charles M. Place, Charles P. Place, Wayne F. Lee, Martha Place, William B. Henry, and Donald Connell are members of Place's board of directors. On December 24, 1991, Place offered to purchase 48,116 shares, or 67.12 percent of its issued and outstanding common stock, from its shareholders for $14.28 per share. These shares became treasury stock. Place planned to allow its employees to subscribe to purchase the treasury shares for $14.28 per share by paying 28–cents down and executing a 15–year promissory note for the remainder.[2] The note would bear interest at 8 percent per annum. The promissory notes were to be secured only by the pledges of stock being purchased; the employees would have no personal liability or obligation to repay Place, and Place would have no recourse against the employees for nonpayment, except to recover the stock pledged.

Phillip Place, Sharon L. Place, the Kathleen Faye Place trust, and the Billy H. Place trust sought to enjoin the sale. They contended that it violated § 351.165. After an evidentiary hearing, the trial court permitted the sale by entering an order on January 30, 1992, dismissing their petition.

The sole issue before this court is whether Place's sale of treasury shares for promissory notes violated § 351.165. That section says, "No note or obligation given by any shareholder, whether secured by deed of trust, mortgage or otherwise, shall be considered as payment of any part of any share or shares[.]" Section 351.015(16), RSMo Supp.1992, defines "shares" as "the units into which the shareholders' rights to participate in the control of the corporation, in its surplus or profits, or in the distribution of its assets, are divided[.]"

 The primary object of statutory interpretation is to ascertain the legislature's intent from the statute's language and to give it effect. We do this by giving the statute's words their plain and ordinary meaning. *Citizens Bank and Trust Company v. Director of Revenue*, 639 S.W.2d 833, 835 (Mo.1982).

 The statute is unequivocal—it reaches the sale of "any part of any share or shares." Treasury shares fall within the definition of shares, and § 351.165 prohibits the sale of shares in exchange for promissory notes.

Place argues that "an all encompassing prohibition on sale of stock in Missouri corporations in consideration of promissory notes could not have been intended by the legislature, and § 351.165 must be construed in a broader context if the Court is to implement legislative intent." It contends that § 351.165 applies only to shares which have been authorized but not issued,

---

**1.** All references to statutes refer to the Missouri Revised Statutes of 1986 unless otherwise indicated.

**2.** The legality of using a subscription plan was not at issue in this case.

i.e. the initial capitalization of the corporation, and not to treasury shares. Place asserts that § 351.390 specifically limits a corporation's powers to purchase its own shares if it would impair its stated capital, and that § 351.390 does not limit the manner in which treasury shares may be sold. Place contends that the legislature can be presumed to be aware that Missouri courts have permitted corporations to accept promissory notes in consideration of the sale of treasury shares, and that if the legislature desired to change this status, it would have done so in § 351.390. We disagree.

Prior to 1943, the predecessor statute to § 351.165 said, "No note or obligation given by any stockholder ... shall be considered as payment of any part of the *capital stock* [.]" Section 10155, RSMo 1919 (emphasis added); § 4944, RSMo 1929. In *Bondurant v. Raven Coal Company*, 25 S.W.2d 566 (Mo.App.1929), this court held that treasury shares were not "capital stock," and, therefore, a corporation could take a promissory note for its treasury shares. In 1943, the legislature amended the statute by removing the reference to "capital stock" and prohibited a corporation's accepting a promissory note "as payment of any part of any share or shares." The legislature intended to prohibit the sale of treasury shares for promissory notes by its using the broad language "any part of any share or shares."

Hence, the rationale of *Bondurant* no longer applies. Giving the words of the statute their plain and ordinary meaning, we conclude that Place may not sell its treasury shares in exchange for promissory notes. Because Place proceeded with the sale of treasury shares to its employees after the trial court dismissed the appellants' petition, an order enjoining the sale is no longer an effective remedy. Hence, we reverse the trial court's order dismissing the appellants' petition, and remand with instructions that the court enter an order rescinding the sale of the treasury shares for promissory notes and replace

the shares in the treasury of the corporation.

All concur.