Don KENNEDY, Mike Kennedy, Rod Neiman, et al., Stockholders of Norman Properties, Inc., and Stockholders of Foothills Development Corp., and Stockholders of Advanced Development Corp. and Cedarbrook Properties, Inc., Plaintiffs–Respondents,

v.

William E. STONER, Kenneth C. Shuttleworth & Carol Shuttleworth, Maurice Norman & Alice Norman, Branson Hills Associates, The Broadmoor Company, and Dennis Chappell & Carol Chappell, and Everlast, Inc., Defendants–Appellants.

No. 19488.

Missouri Court of Appeals, Southern District, Division One.

Oct. 17, 1994.

Robert W. Stillings, Springfield, for defendants-appellants.

Richard L. Schnake, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiffs-respondents.

SHRUM, Chief Judge.

Citing an absence of jurisdiction, the trial court refused to rule on Defendant Branson Hills Associates' "Motion for Costs and Attorney Fees" and all Defendants' "Motion for Entry of Final Judgment." All Defendants appeal. We dismiss the appeal.

## FACTS

This suit arose from a series of transactions involving certain real estate in Taney County. On December 22, 1993, Plaintiffs filed their eight-count First Amended Petition. Contemporaneously, they filed a notice of lis pendens affecting the real estate. In each count of their petition, Plaintiffs alleged

that the individual plaintiffs were shareholders in Norman Properties, Inc., Foothills Development Corp., Advanced Development Corp., and Cedarbrook Properties, Inc., and that "said shareholders in this action, in addition to suing in their individual capacities, are also suing in the right of said corporations as shareholders thereof and on behalf of themselves and all other shareholders of those corporations similarly situated."

Branson Hills Associates (hereafter BHA) responded with its "Amended Motion to Strike Lis Pendens and Motion to Restrain Plaintiffs from Filing Additional Lis Pendens" in which it requested the trial court to strike the lis pendens and dismiss Plaintiffs' First Amended Petition, which, it asserted, failed "to state sufficient facts in order [to] state a cause of action against [BHA] for which relief can be granted."

On January 19, 1994, after hearing argument,[1] the trial court made a docket entry that stated in part, "Dft BHA motion to dismiss sustained and Lis Pendens ordered stricken. [Plaintiffs] given leave to file amended petition within 30 days."

The following day, the trial court entered a formal order, which stated in part, "Plaintiffs' First Amended Petition is dismissed because it fails to state a claim upon which relief can be granted. It is thereby ordered that the Lis Pendens recorded by Plaintiffs relating to the real property . . . is stricken . . . Plaintiffs are given 30 days within which to file a Second Amended Petition."

Also on January 20, the attorney for Plaintiffs filed a document that stated, "Plaintiffs do now dismiss this cause of action without prejudice."

On January 25 BHA filed its "Motion for Costs and Attorney Fees," alleging violations of Rule 55.03 and § 514.205, RSMo 1986. On February 24 all Defendants filed their "Motion for Entry of Final Judgment" in which they sought dismissal with prejudice because

Plaintiffs had not filed a Second Amended Petition within the 30 days granted by the trial court in its January 20 order.

The court did not rule on the two motions. Rather, the docket sheet contains this entry dated March 4: "Attys appear; Court determines absence of jurisdiction based on Plts Voluntary Dismissal filed 1–20–94." BHA appeals the trial court's refusal to rule on the January 25 motion; all Defendants appeal the court's refusal to rule on the February 24 motion.

## DISCUSSION AND DECISION

■ "Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime prior to the introduction of evidence at the trial." Rule 67.02(a).[2] As a general rule, "Once a plaintiff voluntarily dismisses a claim prior to introduction of evidence, it is as if the suit were never brought. No steps can be taken by the trial court, and any step attempted in the dismissed suit is a nullity." *Liberman v. Liberman*, 844 S.W.2d 79, 80[2] (Mo.App. 1992) (applying former Rule 67.01).

■ Defendants contend that Rule 52.09, which governs shareholder derivative actions and is referred to in Rule 67.02(a), prevented Plaintiffs' voluntary dismissal because the dismissal was without court approval. As a result, Defendants argue, the cause of action is pending and the trial court has jurisdiction to rule on the two motions. We note that in the trial court, BHA challenged the factual basis of Plaintiffs' purported shareholder derivative action; on appeal Defendants argue it was a shareholder derivative action. Plaintiffs, likewise, take a position opposite their position in the trial court: they now insist their lawsuit was not a shareholder derivative action.[3]

We need not resolve the question of the true nature of Plaintiffs' action. Because Defendants base their argument on appeal

---

1. The docket sheet indicates the hearing was recorded; however, no transcript is in the record on appeal.

2. Except as otherwise indicated, citations to Rule 67 are to the version effective January 1, 1994. *See Missouri Rules of Court* (West 1994).

3. Plaintiffs' appellate counsel is not the attorney who represented them in the trial court.

on the premise that the action was a shareholder derivative action, we assume, without deciding, that it was. We hold that Defendants were not aggrieved by the absence of court approval and, therefore, we dismiss the appeal. § 512.020, RSMo 1986.

The final sentence of Rule 52.09 provides, "The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs." We find no Missouri appellate court opinion dealing with the closing sentence of Rule 52.09. However, the language is identical to the language of the final sentence of Federal Rule of Civil Procedure 23.1. We may look to federal court opinions applying Fed.R.Civ.P. 23.1 as a aid to applying our Rule 52.09. *See Dawson v. Dawson,* 645 S.W.2d 120, 128–29[15–17] (Mo.App.1982). *See also Eyberg v. Shah,* 773 S.W.2d 887, 894 (Mo.App.1989).

The requirements of notice of a proposed dismissal or compromise and court approval of a dismissal or compromise are designed to protect the interests of the shareholders and the corporation. *See* 7C Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1839 (2d ed. 1986); 3B James Wm. Moore and John E. Kennedy, *Moore's Federal Practice* § 23.1.24 (2d ed. 1992); and cases cited therein. It follows logically that for an appellant challenging the absence of court approval of a dismissal to be an aggrieved party, that appellant must belong to the class of parties the rule is designed to protect.

The record does not reveal that any of the defendants are among the shareholders for whose benefit the action purportedly was brought. Nor does the record show that any of the defendants are the alter ego of any of the corporations for whose benefit Plaintiffs

allegedly brought this action. Thus Defendants have made no showing that they were aggrieved by the absence of court approval of Plaintiffs' voluntary dismissal.[4]

Because Defendants were not aggrieved by the absence of court approval of Plaintiffs' voluntary dismissal, they cannot appeal. § 512.020, RSMo 1986. We dismiss the appeal.

FLANIGAN and MONTGOMERY, JJ., concur.

---

4. If BHA were a shareholder or alter ego of one or more of the corporations, it still would not be an aggrieved party. BHA asked the court to dismiss Plaintiffs' petition (which relief BHA received), and Plaintiffs then dismissed their cause of action. It might be argued that Plaintiffs' voluntary dismissal was more than the involuntary dismissal BHA requested from the trial court and, therefore, it was aggrieved. Several Missouri cases point out there is a distinction between dismissal of the action and dismissal of a petition. *See, e.g., White v. Sievers,* 359 Mo. 145, 221 S.W.2d 118, 123[14] (1949); *Ellinwood v. Estate of Lyons,* 731 S.W.2d 23, 26[2] (Mo.App. 1987); *Hunt v. Dallmeyer,* 517 S.W.2d 720, 723[1–2] (Mo.App.1974). However, in each of these cases, the involuntary dismissal of the petition was not followed by a voluntary dismissal of the action. Thus, *White, Ellinwood,* and *Hunt* do not benefit Defendants in the instant case.