

# SUPREME COURT OF MISSOURI
## en banc

| | |
|---|---|
| Daniel B. Nickell, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. SC93719 |
| | ) |
| Michael F. Shanahan, Sr., et al., | ) |
| | ) |
| Respondents. | ) |

### APPEAL FROM THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
The Honorable Joan L. Moriarty, Judge

*Opinion issued July 29, 2014*

Daniel Nickell appeals a judgment dismissing Counts I through III of his second amended petition against Michael F. Shanahan Sr., Michael F. Shanahan Jr., David Mattern, Thomas J. Guilfoil, Kenneth E. Lewi, Crosbie E. Saint, Earl W. Wims, Gary C. Gerhardt, Gerald A. Potthoff, Steven L. Landmann and Mark S. Newman ("Respondents").[1]  Nickell's petition alleged individual claims against the Respondents for damages resulting from alleged fraud and breach of their fiduciary duties as corporate officers and directors.  The circuit court sustained

---

[1] This Court has jurisdiction pursuant to Mo. Const., art. 5, sec. 10.

Respondents' motion to dismiss. This Court holds that Nickell's claims alleged claims that are derivative rather than individual. The judgment is affirmed.[2]

## Facts

The underlying suit seeks recovery of alleged damages resulting from the merger between Engineered Support Systems Inc. ("ESSI") and DRS Technologies Inc. ("DRS"). ESSI merged with DRS in January 2006. All of the Respondents were officers or directors of ESSI, except Newman, who was the chief executive officer and chairman of DRS. Nickell alleged that he was an ESSI shareholder and that he sold his ESSI stock when ESSI merged with DRS.

Nickell's petition alleged that he and a purported class of ESSI shareholders were injured because Respondents improperly diverted financial benefits to themselves by backdating stock options, thereby decreasing the value of ESSI for shareholders.[3] Nickell further alleged Respondents made material misrepresentations to facilitate the merger and that the ESSI directors and officers were motivated to sell ESSI quickly to avoid liability for backdating the stock options. Nickell further alleged that the ESSI officers and directors agreed to accept a reduced purchase price from DRS in exchange for DRS assuming liability

---

[2] Because Nickell's claims properly were dismissed on grounds that they are derivative and not individual, it is unnecessary to consider Nickell's arguments regarding application of the Securities Litigation Uniform Standards Act, 15 U.S.C. section 78bb (1998).

[3] "Backdating" refers to the alteration of a stock option's grant date to an earlier date with a lower price to the recipient. *New England Carpenters Pension Fund v. Haffner* 391 S.W.3d 453, 457 n. 4 (Mo. App. 2012).

for the backdating scheme. Nickell alleges that, in exchange for personal benefits, the ESSI directors and officers filed false and misleading registration statements and prospectuses to induce Nickell and the purported class members to approve the merger and sell their stock at a reduced price. Nickell maintains that the misrepresentations both decreased the value of ESSI shares and interfered with the ESSI shareholders' right to cast an informed vote regarding the merger.

The petition alleges four counts. In Count I, Nickell alleged that the ESSI officers and directors breached their fiduciary duties by accepting improper personal benefits and failing to act in the best interests of ESSI shareholders to obtain the highest price for ESSI shares. In Count II, Nickell alleges that Newman aided and abetted the ESSI directors and officers in breaching their fiduciary duties by knowingly assisting them with the merger even though he had knowledge of the backdated stock options and false statements. In Count III, Nickell alleges a claim of unjust enrichment against some of the ESSI directors and officers because Nickell and the class members received less for their ESSI stock as a result of payments received by the directors and officers in exchange for their wrongful conduct. Finally, Count IV alleges a claim of negligent misrepresentation against all Respondents.

Respondents filed motions to dismiss. The trial court dismissed Counts I and III on grounds that the petition pleaded shareholder derivative claims and failed to allege facts giving Nickell standing to sue the ESSI directors and officers

3

individually.[4]  Count II, alleging that Newman was liable for aiding and abetting a breach of fiduciary duties, was dismissed because it was based on Count I. The trial court dismissed Count IV only as to Newman.  Nickell voluntarily dismissed Count IV against the remaining defendants.  Nickell appeals the trial court's dismissal of Counts I through III.

## Standard of Review

The trial court's grant of a motion to dismiss is subject to de novo review. *City of Lake Saint Louis v. City of O'Fallon*, 324 S.W.3d 756, 759 (Mo. banc 2010).  This Court assumes that all of the plaintiff's allegations are true and liberally grants to the plaintiff all reasonable inferences from the alleged facts. *Lebeau v. Commissioners of Franklin County, Missouri*, 422 S.W.3d 284, 288 (Mo. banc 2014).  The petition is reviewed "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case."  *City of Lake Saint Louis,* 324 S.W.3d at 759.

## The Petition Alleges a Derivative Claim

"A derivative action is a suit by the corporation conducted by the shareholders as the corporation's representative.  The shareholder is only a nominal plaintiff, and the corporation is the real party in interest."  *Goldstein v.*

---

[4] As an alternative basis for dismissing Count I, the trial court found that Nickell failed to state a claim upon which relief can be granted because he failed to allege the necessary element of duty.  The trial court found that officers and directors of corporations only owe fiduciary duties to the corporation and the shareholders collectively, not to individual shareholders.

4

*Studley*, 452 S.W.2d 75, 78 (Mo. 1970)(citing, *Saigh ex rel. Anheuser-Busch, Inc., v. Busch*, 396 S.W.2d 9, 16 (Mo. App. 1965); Fletcher, CYCLOPEDIA OF THE LAW OF CORPORATIONS, Vol. 13, s 5939; 19 Am.Jur.2d Corporations 528, p. 64. Derivative actions are aimed at vindicating injuries "to the corporation—to the shareholders collectively—and not the shareholders individually." *Centerre Bank of Kansas City, Nat. Ass'n v. Angle* 976 S.W.2d 608, 613 (Mo. App. 1998)(quoting *Dawson v. Dawson,* 645 S.W.2d 120, 125 (Mo. App. 1982)).

Missouri courts hold that shareholders normally must bring a derivative action to file suit against an officer or director. *Centerre Bank,* 976 S.W.2d at 613. A derivative action is generally required even when, as here, the plaintiff alleges that the directors or officers of a corporation have breached their fiduciary duty, resulting in injury to the shareholders. The action is derivative, rather than direct, because the fiduciary duty of a director or officer of a corporation "is generally held to be between the directors and the shareholders as a whole." *Id.; citing Dawson v. Dawson*, 645 S.W.2d 120, 125 (Mo. App. 1982). In other words, fiduciary duty obliges corporate officers and directors to act in the best interests of all shareholders on a collective basis. "Shareholders cannot in their own right and for their own personal use and benefit maintain an action for the recovery of corporate funds or property improperly diverted or appropriated by the corporation's officers and directors." *Id.*; *see also Place v. P.M. Place Stores Co.*, 950 S.W.2d 862, 865 (Mo. App. 1996). In that case, the "injury is to the

5

corporation -- to the shareholders collectively -- and not the shareholders individually." *Id.*

Although the general rule is that shareholder actions against corporate officers and directors are derivative in nature, direct, individual shareholder claims are available to redress individual wrongs. "Individual actions are permitted, and provide the logical remedy, if the injury is to the shareholders themselves directly, and not to the corporation." *Centerre Bank,* 976 S.W.2d at 614. For example, shareholders have been allowed to bring an individual action for claims alleging that they were personally denied the right to inspect corporate books and records. *Dawson*, 645 S.W.2d at 125-26. Similarly, claims by shareholders asserting that they were removed from their positions as controlling shareholders have been found to be actions that must be maintained individually. *Place*, 950 S.W.2d at 865-66. A common theme in these cases is that individual actions were permitted so that individual shareholders or discrete groups of shareholders could redress injuries unique to them rather than to the corporation as a whole. *See Gray v. Bicknell,* 86 F.3d 1472, 1487 (8th Cir. 1996)(applying Missouri law and holding that "the key element of being able to sue a corporation directly is individual injury separate and apart from any injury the stockholder qua stockholder sustains.").

Nickell asserts that this Court's opinion in *Gieselmann v. Stegeman*, 443 S.W.2d 127 (Mo. 1969), directly supports his argument that the claims in this case are individual rather than derivative. In *Gieselmann*, the plaintiffs and defendants

were shareholders in a closely held corporation. The plaintiffs alleged the defendants denied the plaintiffs' statutory right to inspect corporate records; fraudulently divested their shares; and issued themselves additional shares to become majority shareholders. *Id.* at 130-131.

The *Gieselmann* court determined that the plaintiffs' alleged an individual claim rather than a derivative claim. *Id.* at 131. The court recognized the general rule that an action based on acts relating to the capital stock as an entirety is a corporate cause of action and cannot be sued for by a shareholder merely as an individual. *Id.* at 131-132. In other words, an action that affects all shareholders is generally derivative in nature. In contrast, shareholders may maintain an action on an individual basis against corporate officers and directors in order to redress wrongs that amount to a direct fraud on the shareholder. *Id.* at 131.

Nickell argues that his second amended petition is similar to *Gieselmann* because he alleges individual harm due to the alleged decrease in value of ESSI shares caused by Respondents' actions. Nickell notes that *Gieselmann* was premised in part on the fact that corporate shares are the individual property of the shareholder. Nickell employs this premise to argue that allegations of decreased share value are, by definition, an individual injury that is the proper subject of an individual action. While it is true that the *Gieselmann* court stated that it was "not necessary for the [shareholder] to sue in behalf of the corporation" for redress of harm to his stock that affected him directly and individually, *id.* at 131, there are at least two reasons why Nickell's reliance on *Gieselmann* is misplaced.

7

First, *Gieselmann* is distinguishable because it involved the fraudulent divestment of shares held by a discrete group of shareholders in a closely held corporation. Unlike the plaintiff in *Gieselmann*, Nickell was not deprived of a statutory right to inspect corporate records, was not divested of his shares, and his shares were not transferred to other shareholders to deprive him of status as a majority shareholder. Instead, Nickell alleges that ESSI shareholders sustained decreased share value due to Respondents' actions. *Gieselmann* specifically recognized the general rule that an action based on acts relating to the capital stock as an entirety is a derivative action rather than an individual action. *Id.* at 131. Here, Nickell's allegation that all ESSI shareholders lost share value amounts to "an action based on acts relating to the capital stock as an entirety" that is derivative in nature.[5]

Second, while *Gieselmann* recognized corporate shares are individual rather than corporate property, this fact does not aide Nickell's case. All ESSI shares were sold to effectuate the merger with DRS. Nickell's allegation that Respondents' misdeeds diminished the value of ESSI shares is, by necessity, an

---

[5] *Grogan v. Garner*, 806 F.32d 829 (8th Cir. 1996), is distinguishable on similar grounds. In *Grogan,* two shareholders alleged that they did not receive their share of assets that were transferred following the sale of the company. Specifically, the plaintiffs alleged that the defendant corporate officer executed post-sale transactions that benefited some shareholders but harmed others. The Eighth Circuit held that the plaintiffs could pursue individual claims. The court noted, however, that the claim would be derivative if the plaintiff shareholders were challenging the overall consideration paid as part of the sale of the company. *Id.* at 835. In that case, all shareholders would be affected and the case would be derivative in nature. In other words, like *Gieselmann*, *Grogan* stands for the proposition that a claim is individual rather than derivative when the petition alleges harm unique to a discrete group of shareholders.

allegation that Respondents' actions diminished the value of ESSI as a corporation. The diminished corporate value is a corporate injury. While individual shareholders may have sustained damages in the form of decreased share price, this damage was common to every ESSI shareholder and stemmed from the underlying corporate injury. The action is, therefore, derivative in nature.

## **Conclusion**

The circuit court did not err in dismissing Counts I through III of Nickell's second amended petition. The judgment is affirmed.

_____
Richard B. Teitelman, Judge

Russell, C.J., Fischer, Stith, Draper and
Wilson, JJ., and Luber, Sp.J., concur.
Breckenridge, J., not participating.