

# In the Missouri Court of Appeals Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| DALE VAN LEEUWEN | ) | ED103392 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | |
| | ) | 14SL-CC03986 |
| DANIEL J. LOWERY, DOROTHY | ) | |
| LOWERY, DENNIS J. LOWERY, | ) | |
| LSI-LOWERY SYSTEMS, INC., and | ) | |
| LOWERY HOLDINGS, LLC, | ) | Honorable Thomas W. DePriest, Jr. |
| | ) | |
| Respondents. | ) | FILED: March 22, 2016 |

## Introduction

This appeal stems from a second derivative action brought on behalf of LSI-Lowery Systems, Inc. (LSI) by its minority shareholder, Dale Van Leeuwen (Van Leeuwen), against Daniel J. Lowery (Dan Lowery), Dorothy Lowery, Dennis J. Lowery, LSI, and Lowery Holdings, LLC (together, Defendants), asserting allegations of wrongdoing by LSI's directors and employees. The first derivative action, in which Van Leeuwen did not participate, was filed by three plaintiff-shareholders against the same Defendants and making the same allegations of wrongdoing, and was voluntarily dismissed with prejudice following a private settlement between the parties. The settlement and dismissal, however, did not comply with Missouri Rule of Civil Procedure 52.09's mandatory procedures, which provide that a derivative action "shall not be dismissed or compromised without the approval of the court, and notice of the proposed

dismissal or compromise shall be given to shareholders." Nevertheless, the trial court here granted summary judgment to Defendants, concluding in part that the second derivative action was barred by the prior settlement and dismissal.

In this case of first impression in Missouri, we are asked to determine whether a different shareholder is barred from bringing a second derivative suit asserting an identical cause of action where the first derivative action has been settled and dismissed in a manner that does not comply with Rule 52.09's approval and notice requirements. We hold that the second suit is not barred under these circumstances where the court did not approve the settlement and the other shareholders were not given notice to object. Van Leeuwen raises additional points of error in the trial court's grant of summary judgment that we address as necessary. We reverse and remand for further proceedings in accordance with this opinion.

### Background

Dan Lowery is the president of LSI, a distributor and provider of computer hardware and software products. Dorothy Lowery is his wife, and Dennis Lowery is his son. Dorothy and Dan Lowery are the sole directors of LSI. Dan Lowery and Dennis Lowery also own Lowery Holdings, LLC (Lowery Holdings), which operates Massage Envy franchises. Prior to 2013, LSI had five shareholders: Dan Lowery held 82% of LSI's shares, while Philip Treacy (Treacy), Avery Myrick (Myrick), Jon Woodrum (Woodrum), and Van Leeuwen held the remaining shares.

In 2010, then-shareholders Treacy, Myrick, and Woodrum filed a derivative action against Defendants on behalf of LSI and its shareholders (Lowery I). The fourth amended petition in Lowery I asserted claims for breach of fiduciary duty, civil conspiracy to commit breach of fiduciary duty, and dissolution, seeking actual and punitive damages and requesting

2

that the court appoint a receiver or custodian to conduct the dissolution of LSI. The petition alleged Dan Lowery, Dorothy Lowery, and Dennis Lowery had used tens of thousands of LSI's funds to pay for personal expenses and to operate Lowery Holdings, had engaged in tax fraud, had stolen $50,000 from LSI, and had maintained two sets of financial records so that false financial records could be shown to auditors and be used to prepare fraudulent tax returns.

The Lowery I docket sheet shows that in November of 2012, the cause was passed for settlement, and in January of 2013, the parties voluntarily dismissed with prejudice all claims and counterclaims. Defendants did not seek the trial court's approval of the settlement pursuant to Rule 52.09 and did not give notice of the settlement and dismissal to the sole non-party shareholder, Van Leeuwen. The Lowery I settlement contained a confidentiality provision and is not included in the record before this Court.

In 2014, Van Leeuwen filed a derivative action against Defendants on behalf of LSI and its shareholders. The second amended petition asserted four derivative causes of action: breach of fiduciary duty, money had and received, unjust enrichment, and dissolution. The petition claimed Defendants had misappropriated LSI funds for Lowery Holdings without the approval of LSI's shareholders, in that LSI had loaned money to Lowery Holdings, LSI employees had done free work for Lowery Holdings, and Defendants had purchased goods and services for Lowery Holdings using LSI credits cards. For support, the petition attached portions of Dan Lowery's deposition testimony from Lowery I. Van Leeuwen sought an order to return all monies taken from LSI, damages in favor of LSI, and the appointment of a receiver or custodian to supervise

3

and conduct the dissolution of LSI. The petition also included a non-derivative claim for a records request under Section 351.215[1], requesting statutory damages of $250.

Defendants moved for summary judgment, arguing, as relevant to our analysis on appeal, Van Leeuwen's derivative claims for breach of fiduciary duty, money had and received, unjust enrichment, and dissolution (Counts I-III and V) were barred by the prior settlement in Lowery I—which was based on the exact same or substantially similar allegations against the same Defendants brought by LSI's shareholders—because the settlement in Lowery I had released and dismissed those claims with prejudice. Also as to Counts I-III and V, Defendants contended Van Leeuwen was not the proper party to bring a derivative action, because he was attempting to use the lawsuit for his own personal gain and against the interests of LSI. Second, Defendants asserted Van Leeuwen's non-derivative Section 351.215 claim was time-barred because he did not file his suit within five years of Defendants' denial of his request, as is required under Section 516.120(2), and, regardless, the form of Van Leeuwen's request had been improper.

Van Leeuwen denied Defendants' argued bases for summary judgment, but the trial court granted summary judgment in favor of Defendants and against Van Leeuwen on several grounds. The court concluded Van Leeuwen's derivative claims were barred both (1) by the settlement and prior dismissal with prejudice of the same claims against the same Defendants in Lowery I, and (2) because Van Leeuwen was not a proper party to bring a derivative action on behalf of LSI. The trial court found Van Leeuwen had initiated this action as a strategy to force Dan Lowery to buy out his shares in LSI, and thus the court determined Van Leeuwen was attempting to profit personally from the litigation. As for Van Leeuwen's non-derivative claim for damages

---

[1] Further statutory references are to RSMo. (2000), unless otherwise indicated.

4

under Section 351.215, the court granted summary judgment, finding the claim was both improper and time-barred. This appeal follows.

## Standard of Review

Summary judgment is appropriate where the moving party demonstrates a right to judgment as a matter of law based on material facts about which there is no genuine dispute. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). The movant has the burden to establish both a legal right to judgment and the absence of any genuine issue of material fact supporting that claimed right to judgment. Id. at 378. Our review is essentially *de novo*. Cardinal Partners, L.L.C. v. Desco Inv. Co., 301 S.W.3d 104, 108 (Mo. App. E.D. 2010). When considering an appeal from summary judgment, we review the record in a light most favorable to the party against whom judgment was entered, and we afford the non-movant the benefit of all reasonable inferences from the record. Id. at 108-09.

## Discussion

Van Leeuwen raises seven points on appeal. He asserts the trial court erred in granting Defendants' motion for summary judgment, because he was not barred from bringing a lawsuit when he was not a party to the prior lawsuit (Point I) and thus not bound by the prior settlement (Point II), in that his claims were not released by the prior settlement agreement (Point III). As well, he argues the trial court erred in granting summary judgment, because the settlement and dismissal in Lowery I did not comply with Rule 52.09, and thus the present derivative action is not barred (Point IV). Moreover, he asserts his desire to have his shares bought out during pre-trial negotiations is not material to his claims in this action and thus the trial court erred in finding that to be a basis for summary judgment (Point V). Next, he contends the trial court erred in granting summary judgment on his claim pursuant to Section 351.215, because

5

Defendants never denied his records request, and thus the statute of limitations never began to run (Point VI). Last, Van Leeuwen argues the trial court erred in granting summary judgment as to Dennis Lowery, because employees may be liable for breach of fiduciary duty, civil conspiracy, and aiding and abetting a crime (Point VII). Because Point IV is dispositive of Points I-IV and VII, we begin our analysis there.

### Rule 52.09

In his fourth point on appeal, Van Leeuwen asserts the trial court erred in granting summary judgment to Defendants, because the settlement and dismissal of the derivative claims in Lowery I, which did not comply with Rule 52.09's approval and notice requirements, did not bar his later derivative action on the same facts. We agree.

Generally, Rule 52.09[2] provides that a shareholder may bring a derivative action to enforce a right of a corporation that the corporation has failed to enforce, and it sets forth various pleading requirements and bars to the derivative action. See Rule 52.09; see also Fed. R. Civ. P.

---

[2] In full, Rule 52.09 reads:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right that may properly be asserted by it, the petition shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which there is a complaint or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law. The petition shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action desired from the directors or comparable authority and, if necessary, from the shareholders or members and the reasons for the failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. *The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to the shareholders or members i[n] such a manner as the court directs.* (emphasis added)

6

23.1[3]; Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 95 (1991) (derivative suits are actions in equity with purpose "to place in the hands of the individual shareholder a means to protect the interests of the corporation from the misfeasance and malfeasance of 'faithless directors and managers'"). Derivative actions allow shareholders to maintain an action for the recovery of corporate funds or property improperly diverted or appropriated by the corporation's officers and directors. Place v. P.M. Stores Co., 950 S.W.2d 862, 865 (Mo. App. W.D. 1996). The injury is to the corporation and the shareholders collectively, and thus the suit cannot benefit the shareholders individually and the plaintiff-shareholder must fairly and adequately represent the interests of all shareholders similarly situated. Id.

The final sentence of Rule 52.09 mandates that "[t]he action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members i[n] such manner as the court directs." The specific issue before us in this appeal is whether a prior derivative action brought by different shareholders that was dismissed without compliance with Rule 52.09's requirements of notice to the non-party shareholders and approval by the court bars a later derivative action on an identical cause of action. We have found no Missouri case law on this exact issue, and thus we turn to federal opinions applying the substantially similarly worded Federal Rule 23.1 and to other state-court opinions for guidance in applying our Rule 52.09. See Kennedy v. Stoner, 885 S.W.2d 339, 341 (Mo. App. S.D. 1994) (looking to federal opinions applying Federal Rule 23.1 for aid in applying Rule 52.09); see also Buemi v. Kerckhoff, 359 S.W.3d 16, 23 (Mo. banc 2011) ("[w]hile not binding, [Missouri courts] should give significant consideration to federal

---

[3] Mo. R. Civ. P. 52.09 is virtually identical to Fed. R. Civ. P. 23.1.

7

court decisions construing a federal rule when this Court subsequently adopts a rule on the same subject and uses the same or virtually identical language").

The purpose of the notice and approval mandates included in both Federal Rule 23.1 and our Rule 52.09 is to prevent the parties from reaching a collusive settlement that benefits the plaintiff-shareholders but not the corporation and the non-party shareholders. See Burks v. Lasker, 441 U.S. 471, 485 n.16 (1979) (Federal Rule 23.1's requirement that derivative action shall not be voluntarily dismissed or compromised by parties without approval of trial court was "intended to prevent plaintiffs from selling out their fellow shareholders"); Papilsky v. Berndt, 466 F.2d 251, 258 (2d Cir. 1972) ("Without the requirements of notice and court approval, ... it would be easier for alleged wrongdoers to 'buy off' the corporation's representative"); accord Chickering v. Giles, 270 A.2d 373, 376 (Del. Ch. 1979) (interpreting Delaware Court Rule 23.1(c)[4]). Federal Rule 23.1 and Missouri Rule 52.09 specifically name dismissals as well as settlements—termed compromises—to prevent agreed-upon dismissals from disguising private settlements that may not best serve the interests of the corporation. See 7C Charles Alan Wright, *et al.*, FEDERAL PRACTICE & PROCEDURE § 1839, at 195 (3d ed. 2007). Likewise, the notice and approval mandates protect the corporation and non-party shareholders in the event the plaintiff-shareholder becomes "fainthearted" prior to litigation and is willing to settle the derivative suit

---

[4] Similar to Missouri Rule 52.09, Delaware Court Rule 23.1(c) (2007) states a derivative action "shall not be dismissed or compromised without the approval of the Court, and notice by mail, publication or otherwise of the proposed dismissal or compromise shall be given to the shareholders or members in such manner as the Court directs."

although the disposition would not be in the best interests of the corporation. See id. at 196; see also Papilsky, 466 F.2d at 258.[5]

The established procedure is that once the parties reach an agreement, they submit the agreement to the trial court along with a request for a hearing on its propriety. See 15 MISSOURI PRACTICE SERIES § 52.09:2 at 258 (4th ed. 2012) (citing Feldman v. Pennroad Corp., 155 F.2d 773 (3d Cir. 1946)); see also 7C Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1839 at 197. The trial court will set a hearing and direct that notice be given to the absent shareholders indicating they have the right to intervene and to object to the proposal. See 7C Wright, et al., FEDERAL PRACTICE & PROCEDURE § 1839 at 197-99; see also Maher v. Zapata Corp., 714 F.2d 436, 450-51 (5th Cir. 1983). Whether to accept the proposed settlement and dismissal is at the discretion of the trial court. See Maher, 714 F.2d at 455; accord In re Infinity Broadcasting Corp. Shareholders Litigation, 802 A.2d 285, 289 (Del. 2002). The trial court "has a duty" to determine whether the parties' agreement is fair and reasonable and in the best interest of the corporation and all the shareholders.[6] See Bell Atlantic Corp. v. Bolger, 2 F.3d 1304, 1311 (3d Cir. 1993). The court may not simply "rubber stamp" the parties' agreement. See Seigal v. Merrick, 590 F.2d 35, 37 (2d Cir. 1978).

---

[5] We note, however, that when a trial court has decided a derivative claim on the merits, a subsequent derivative action on the same cause of action against the same parties is barred even if notice was not given. See Papilsky v. Berndt, 466 F.2d 251, 258-59 (2d Cir. 1972). The intent of the notice and approval requirements of Missouri Rule 52.09 and Federal Rule 23.1 is to prevent the defendants and plaintiff-shareholders from reaching bad-faith and collusive settlements that are not in the corporation's interests, which is not a concern where the matter has been openly litigated before a trial court. See id.

[6] In determining the reasonableness of a settlement, the trial court should consider such factors as the probable validity of the claims, any applicable defenses, the apparent difficulties in enforcing the claims through the courts, the collectability of any judgment amount, the delay and expenses involved in litigation, and the views of the parties. Charles Hansen & Don G. Lents, MISSOURI CORPORATION LAW & PRACTICE § 5.8 at 5-45 (10th ed. 2015) (citing Polk v. Good, 507 A.2d 531 (Del. 1986)).

9

If the parties to a settlement and dismissal in a derivative action do not give notice to the non-party shareholders, then the judgment of dismissal does not bar an identical cause of action asserted by a different stockholder in a later derivative suit. See Cramer v. Gen. Tel. & Elec. Corp., 582 F.2d 259, 268-69 (3d Cir. 1978) (when parties do not provide notice of settlement and dismissal to non-party shareholders pursuant to Federal Rule 23.1, "the voluntary dismissal will not bar a subsequent action by a shareholder who did not participate in the prior suit"); Papilsky, 466 F.2d at 257 ("[w]here notice is a prerequisite to a dismissal of a derivative action, a judgment of dismissal will not be accorded *res judicata* effect unless such notice was given"). The reasoning behind this safeguard is plain: to provide a remedy to the corporation and the non-party shareholders whose interests were not protected by the prior settlement, and to provide the parties to a derivative suit with the incentive to comply with the notice and approval requirements that might otherwise be inconvenient.

In the case at bar, the record shows that in Lowery I, the parties reached a private settlement and as part of this settlement the plaintiff-shareholders voluntarily dismissed their claims against Defendants. The settlement was never noticed for a hearing and never received approval from the trial court, and the remaining non-plaintiff shareholder—Van Leeuwen—did not receive notice of the settlement and dismissal. This confidential settlement has not been made part of the record herein and we do not know its content. We can surmise from the record that Defendants bought out the shares of the plaintiff-shareholders[7] and that LSI was not dissolved; however, we cannot determine whether Defendants agreed to reimburse LSI the monies allegedly misdirected and misappropriated, or to remedy the alleged tax fraud.

---

[7] In 2010, there were five shareholders, while in 2014, there were two: Dan Lowery and Van Leeuwen.

10

Settlements that benefit the plaintiff-shareholders at expense of the corporation and non-party shareholders are precisely what Rule 52.09 was intended to prevent by requiring disclosure of the settlement terms to the trial court and remaining shareholders.

Because the dismissal and settlement in Lowery I did not comply with the mandatory language of Rule 52.09, Van Leeuwen's current derivative suit bringing identical claims against the same Defendants is not barred. See Cramer, 582 F.2d at 268-69; Papilsky, 466 F.2d at 257. Van Leeuwen did not receive notice of the settlement and dismissal in Lowery I and did not have the opportunity to object to that settlement if it did not in fact benefit LSI, or if it benefitted the plaintiff-shareholders at the expense of the non-party shareholders. Likewise, the trial court in Lowery I did not have the opportunity to determine whether the settlement was a fair and adequate remedy for LSI and the other non-party shareholder, Van Leeuwen. With none of the safeguards observed to ensure LSI's and Van Leeuwen's interests were represented in the Lowery I settlement, we decline to bar Van Leeuwen's current derivative suit. There is no way to determine from this record whether the settlement in Lowery I was collusive or obtained by fraud. If it was, barring Van Leeuwen's derivative suit would leave LSI without a remedy for Defendants' alleged wrongdoing. See Papilsky, 466 F.2d at 258 (purpose of approval and notice requirements is to protect corporation and non-party shareholders from collusive settlements benefitting plaintiff-shareholders and defendants at expense of corporation). Thus, we reverse the trial court's grant of summary judgment, finding that Van Leeuwen's derivative suit was not barred by the settlement and prior dismissal with prejudice of the same claims against the same Defendants in Lowery I.

Point IV is granted. In light of our decision to reverse the grant of summary judgment and to remand for further proceedings, we do not need to address Van Leeuwen's Points I, II, III,

11

and VII, which also concern the prior settlement. Although Point IV is well taken, the trial court granted summary judgment on Van Leeuwen's derivative claims on two grounds, so we must also consider Point V.

## Proper Plaintiff

In his fifth point on appeal, Van Leeuwen argues the trial court erred in granting summary judgment to Defendants on the basis that he was not a proper party to bring a derivative action on behalf of LSI. Van Leeuwen contends that whether he desired Defendants to buy out his shares prior to litigation is not a material fact that would provide a basis for summary judgment on this basis. We agree that summary judgment was not proper.

The purpose of summary judgment is to identify cases in which there is no genuine dispute as to the material facts, and the agreed-upon facts show a legal right to judgment for the movant. ITT Commercial Fin. Corp., 854 S.W.2d at 380. Because summary judgment "borders on denial of due process in that it denies the opposing party his [or her] day in court," the procedure is considered "an extreme and drastic remedy" that should be implemented with "great care." Id. at 377. Once the defending party has asserted a right to judgment as a matter of law, "[t]he non-movant must show by affidavit, depositions, answers to interrogatories, or admissions on file, that one or more material facts shown by the movant to be beyond any genuine dispute is, in fact, genuinely disputed." Ackerman Buick, Inc., v. Gen. Motors Corp., 66 S.W.3d 51, 54 (Mo. App. E.D. 2001).

The record here, viewed in the light most favorable to Van Leeuwen, the non-movant, shows that Dan Lowery and Van Leeuwen are the two remaining shareholders of LSI. Van Leeuwen filed a derivative action on behalf of LSI accusing Dan Lowery and others of misappropriating LSI funds for Lowery Holdings. Van Leeuwen requested monetary damages

12

"awarded to LSI and payable to LSI exclusively." Defendants requested summary judgment asserting that Van Leeuwen was not a proper party to assert a derivative action on behalf of LSI, because during negotiation proceedings prior to filing this suit, he requested Dan Lowery buy out his shares. Thus, Defendants concluded Van Leeuwen had filed his derivative suit solely with the intent to force Defendants to purchase his stock, and thus the action was for personal gain not to benefit LSI. The trial court granted summary judgment accordingly.

The grant of summary judgment may rest only upon admissible evidence. See Mo. R. Civ. P. 74.04(e). Statements that are "opinion, conclusions and speculations [are] neither admissible nor useable at trial," and thus "[e]vidence that rests on speculation does not suffice to raise an issue of material fact." See Am. Fam. Mut. Ins. Co. v. Lacy, 825 S.W.2d 306, 311 (Mo. App. W.D. 1991). For summary judgment, Defendants argued Van Leeuwen's intention in filing his derivate suit was to force Dan Lowery to buy out his shares; however, this assertion was "opinion, conclusion[] and speculation[]" inferred from Van Leeuwen's prior buy-out requests and was not based on personal knowledge or Van Leeuwen's admissions. Rather, Van Leeuwen denied having an improper purpose or any intention of profiting personally. Thus, the trial court's summary judgment based only on Defendants' speculation and conclusions, rather than on facts established by or admitted in the record was improper. Moreover, Defendants' conclusion that Van Leeuwen had improper intent was based solely on Defendants' inference interpreting Van Leeuwen's buy-out request. However, on review of the trial court's grant of summary judgment, we view all inferences in favor of the non-moving party. See ITT Commercial Fin. Corp., 854 S.W.2d at 376.

Rather, our review of the record shows that Van Leeuwen is a proper plaintiff. Rule 52.09 provides that "the derivative action may not be maintained if it appears the plaintiff does

13

not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation." To meet the "fairly and adequately" standard, the plaintiff must be a contemporaneous shareholder, he must be able to "demonstrate to the court an intent and desire to prosecute the matter vigorously," and he must not have participated in the alleged wrongdoing. Charles Hansen & Don G. Lents, MISSOURI CORPORATION LAW & PRACTICE § 5.4 at 5-13 (10th ed. 2015); see also Dawson v. Dawson, 645 S.W.2d 120, 128 (Mo. App. W.D. 1982). Generally, if the plaintiff-shareholder engages competent counsel and has no animosity or conflict of interest among the other similarly situated shareholders, he or she may "fairly and adequately" represent the corporation. Dawson, 645 S.W.2d at 128-29.

Here, Van Leeuwen and Dan Lowery are the only two shareholders of LSI, and Dan Lowery is a named defendant accused of repeatedly misappropriating funds from LSI. There is no dispute that Van Leeuwen was a contemporaneous shareholder and engaged competent counsel. As the sole shareholder not accused of wrongdoing against LSI, the record shows there are no other "similarly situated" shareholders with whom Van Leeuwen could have animosity or a conflict of interest. Even if Van Leeuwen is not a perfect plaintiff, he is the only shareholder who could bring a derivative action on behalf of LSI asserting misappropriation of LSI funds by Dan Lowery. Dan Lowery is the only other shareholder and certainly would have no incentive to bring suit against himself. If Van Leeuwen is not allowed to bring suit against LSI's directors, then no one remains to act for the benefit of LSI.

Thus, we hold that the trial court further erred in granting summary judgment to Defendants on the issue of whether Van Leeuwen was a proper party to bring a derivative action under Rule 52.09. Point granted.

14

## Chapter 351.215

In his sixth point on appeal, Van Leeuwen argues the trial court erred in granting summary judgment to Defendants on his single non-derivative claim, because the statute of limitations on his request for corporate records made under Section 351.215 had not yet begun to run, in that the statute of limitations begins to run when the request is denied and Defendants here had not "expressly" denied his request. At oral argument, counsel for Van Leeuwen conceded that he could at any time make another request for corporate records under Section 351.215, and thus we deny this point on appeal.

## Conclusion

The judgment of the trial court is reversed and remanded for further proceedings in accordance with this opinion.

Gary M. Gaertner, Jr., Judge

Philip M. Hess, P.J., concurs.
Angela T. Quigless, J., concurs.