Robert J. MEYER, et al., Appellants,

v.

Jay ANGOFF, Director of Missouri Department of Insurance and Modern American Life Insurance Company, Respondents.

No. WD 49929.

Missouri Court of Appeals, Western District.

March 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1995.

Application to Transfer Denied June 20, 1995.

Craig Steven Johnson, Jefferson City, Robert Lawrence Ward, Kansas City, for appellants.

B. Karl Zobrist, Kansas City, for respondents.

Before FENNER, C.J., and LOWENSTEIN and BERREY, JJ.

FENNER, Chief Judge.

This is an appeal from the order of the Circuit Court of Cole County which affirmed the order of the Missouri Director of Insurance approving a corporate reorganization of Modern American Life Insurance Company. Appellants also appeal the circuit court's order granting Modern American's motion for partial dismissal.

Modern American is a life insurance company organized and existing under the laws of the State of Missouri and is a wholly-owned subsidiary of I.C.H. Corporation, a Delaware Corporation. The appellants are Missouri residents who are holders of "charter contracts" which were issued during the 1960's by various insurance companies which were ultimately merged into or acquired by Modern American. In addition to the life insurance policies, the charter contracts were issued with "Certificates of Participation"[1] which stated that the holders of the certificates would share in a specified fixed percentage of the annual profits of the issuing company.

In May 1993, approximately 6,000 of the charter contract owners brought suit against Modern American seeking the enforcement of their contractual right to receive a portion of Modern American's earned surplus as referenced in the Certificates of Participation, as well as damages for past dividend shortages. This suit (hereinafter referred to as the *Castle*[2] litigation) is presently pending before the Circuit Court of Jackson County.

In June 1993, Modern American filed a petition with the Missouri Department of Insurance seeking regulatory approval of a

---

1. These "certificates of participation" can no longer be issued in Missouri. Section 376.673, RSMo 1986.

2. *William D. Castle, et al. v. Modern American Life Insurance Company,* Case No. CV93–10275.

proposed plan of corporate reorganization.[3] Specifically, Modern American sought approval for the transfer of its wholly-owned subsidiary, Philadelphia American Life Insurance Company, as well as the exchange of all of its shares in its wholly-owned subsidiary, Southwestern Life Insurance Company, for all of the shares of Life Interests Corporation (a Delaware business corporation with no assets). Modern American also sought approval for the transfer of all of the shares of Life Interests Corporation to I.C.H. Corporation, and for certain reinsurance agreements and other transactions.

On June 11, 1993, the appellants applied for leave to intervene in the Department's proceeding claiming that approval of the proposed corporate reorganization would unfairly prejudice their interests in Modern American's earnings. Appellants also claimed that approval of the reorganization plan would effectively render Modern American judgment-proof. Their application was granted by the Hearing Officer and, in August 1993, the Department held a public hearing at which both Modern American and the appellants appeared by counsel and presented witnesses.

In September 1993, the Director issued an order approving Modern American's petition for reorganization. An amended order was entered in October 1993. Appellants filed a petition for rehearing which was denied. On October 13, 1993, the appellants appealed to the Circuit Court of Cole County seeking a trial de novo with regard to the portions of the reorganization plan which were approved pursuant to Chapter 382 of the Missouri Insurance Laws. Modern American filed a motion for partial dismissal claiming that the appellants were not entitled to de novo review because they lacked standing and were not "aggrieved" by the Chapter 382 transactions. The circuit court granted Modern American's motion for partial dismissal holding that the trial de novo procedure contemplated under section 382.300 was inapplicable and that review of the approvals, including the Chapter 382 transactions, would proceed

under the provisions of the Missouri Administrative Procedure Act.[4] The order of the Director was subsequently affirmed. This appeal followed.

In their first point, appellants contend that the circuit court erred in granting Modern American's motion for partial dismissal with regard to appellants' request for de novo review of the reorganization transactions which were approved under Chapter 382. Appellants claim they are entitled to de novo review of those transactions under section 382.300, RSMo 1986. Modern American contends, however, that this statute applies only to insurance holding companies.

■ "The primary object of statutory interpretation is to ascertain the legislature's intent from the statute's language and to give it effect." *Place v. P.M. Place Stores Co.*, 857 S.W.2d 291, 292 (Mo.App.1993). The statute's words are given their plain and ordinary meaning. *Id.* "The legislature is presumed to have intended what the statute says, and if the language used is clear and unambiguous[,] there is no room for construction." *State ex rel. Clark v. Long*, 870 S.W.2d 932, 936 (Mo.App.1994).

Section 382.300.1 provides that:

Any person aggrieved by any act, determination, rule, regulation, order or any other action of the director pursuant to sections 382.010 to 382.300 may appeal therefrom to the circuit court for Cole County. The court shall conduct its review without a jury and by trial de novo, but if all parties, including the director, so stipulate, the review shall be confined to the record. Portions of the records may be introduced by stipulation into evidence in a trial de novo as to those parties so stipulating.

The statute specifically states that de novo review is available to *any person* aggrieved by an order or action of the Director pursuant to sections 382.010 to 382.300. The language of section 382.300.1 is plain and unam-

---

3. Amended petitions were subsequently filed in June and July 1993.

4. The Administrative Procedure Act governs contested cases unless some other provision for judicial review is provided by statute. Section 536.100, RSMo 1986.

biguous. The term "person" is defined in section 382.010(6) as:

> An individual, corporation, partnership, association, joint stock company, business trust, unincorporated organization, or any similar entity, or any combination of the foregoing acting in concert, but is not any securities broker performing no more than the usual and customary broker's function.

Considering the plain language of the statute, the appellants are clearly "persons" as defined in section 382.010(6).

In order to be entitled to de novo review, the appellants must also demonstrate that they were "aggrieved" by the order of the Director. Chapter 382 does not define "aggrieved" and neither party has cited any authority which defines this term within the meaning of section 382.300. Nor has this court located any. Black's Law Dictionary 65 (6th ed. 1990) defines an "aggrieved party" as "[o]ne whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment." The term has also been construed in other contexts. In *City of Eureka v. Litz,* 658 S.W.2d 519, 522 (Mo.App.1983), the issue before the court was whether the plaintiffs were entitled to judicial review of an administrative decision under section 536.100 which permits review for persons "aggrieved" by a decision in a contested case. In that case, the court construed "aggrieved" to mean "a specific and legally cognizable interest in the subject matter of the administrative decision and that the decision will have a direct and substantial impact on that interest." *Id.* In *Shelter Mut. Ins. Co. v. Briggs,* 793 S.W.2d 862, 863 (Mo. banc 1990), the court determined that a party is "aggrieved" within the meaning of section 512.020 [5] when "the judgment operates prejudicially and directly on his personal or property rights or interests and such effect is immediate and not merely a possible remote consequence."

In this case, appellants contend that they were "aggrieved" by the Director's order because the reorganization has diminished Modern American's net worth and rendered the company susceptible to insolvency. Specifically, appellants claim that the reorganization has "stripped" Modern American of its assets and rendered their company financially unable to pay dividends which are due to appellants. Appellants also claim that the transfer of assets has adversely affected their dividend rights by diminishing Modern American's capacity to generate future profits. Modern American contends that appellants are not entitled to de novo review because none of the transactions of which they complain were approved under Chapter 382.

The proposed reorganization consisted of a series of "steps" or transactions. Prior to the reorganization, Modern American had two wholly owned subsidiaries (Southwestern Life and Philadelphia American Life) and five indirectly owned subsidiaries. After the reorganization, Modern American owned no subsidiaries. In its petition for reorganization, Modern American sought approval of the following transactions:

(1) To modify and terminate a coinsurance agreement between Modern American and Constitution Life Insurance Company and to enter into a reinsurance agreement with Southwestern Life Insurance Company under section 382.195.1(3).

(2) For the disposition of Modern American's subsidiary, Philadelphia American Life Insurance Company under section 375.355.

(3) To acquire Life Interests Corporation in Exchange for Southwestern Life Insurance Company and to distribute Life Interests Corporation to I.C.H. Corporation under sections 375.355, 382.020.3(3) and 382.210.

The Director's order approved Modern American's petition for reorganization pursuant to sections 375.355,[6] 382.195 and 382.020.

---

**5.** Section 512.020, RSMo 1986 provides that "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction ... from any final judgment in the case."

**6.** Appellants do not dispute that the transactions which were approved pursuant to Chapter 375 of the Missouri Insurance Laws are appealable under the Missouri Administrative Procedure Act.

The amended order of the Director states in part:

(1) The Petition of Modern American Life Insurance Company filed pursuant to provisions of Sections 375.355, 382.020 and 382.195, Mo.Rev.Stat., as set forth in the Petition and Exhibits filed in the Missouri Department of Insurance on or about the 9th day of June 1993, as amended on June 23, 1993 and July 23, 1993, is hereby APPROVED;

(2) The sale by Modern American Life Insurance Company of Philadelphia American Life Insurance Company is hereby APPROVED pursuant to Section 375.355, RSMo.

(3) The exchange of Southwestern Life Insurance Company for Life Interests Corporation is APPROVED in accordance with the Petition under Section 375.355, RSMo and 382.020.3(3), RSMo.

(4) The transfer of all shares of Life Interest Corporation of I.C.H. Corporation, in accordance with the Petition, is hereby APPROVED pursuant to Section 375.355, RSMo and 20 CSR 200–1.070.

De novo review under section 382.300 is limited to persons who are aggrieved by actions or orders of the Director made pursuant to sections 382.010 to 382.300. In this case, the appellants claim that they are aggrieved by the approval of the reorganization plan because the financial restructuring of Modern American has caused a reduction in the company's net worth rendering the company susceptible to insolvency and unable to meet its financial obligations to the appellants.[7] One of the transactions which appellants claim has contributed to the reduction of Modern American's net worth is the exchange which took place under step 2(b) of the reorganization plan. Under step 2(b), Modern American transferred all of the shares of its wholly owned subsidiary, Southwestern Life, for 1,000 shares of Life Interests Corporation.[8] This transaction was approved by the Director pursuant to sections 375.355 and 382.020.3(3). Upon completion

of the exchange, Life Interests Corporation became the subsidiary of Modern American and its only asset was all of the shares of Southwestern Life. All of the shares of Life Interests Corporation were subsequently transferred to I.C.H. Corporation, leaving Modern American with no subsidiaries. Since the exchange which occurred under step 2(b) required the approval of the Director under Chapter 382, appellants were entitled to de novo review of that transaction. Accordingly, this cause is remanded to the circuit court for a de novo hearing with regard to those portions of the reorganization plan which were approved under Chapter 382. Because of the disposition taken by this court with regard to Point I, we do not reach the merits of the remaining points in this appeal, all other matters at issue being dependent upon the determination made on remand.

The judgment of the trial court is reversed and this cause remanded for further proceedings consistent with this opinion.

All concur.

---

7. For purposes of this appeal only, we will assume, without deciding, that the appellants may have a valid claim pending before the Circuit Court of Jackson County in the *Castle* lawsuit.

8. The record indicates that prior to the reorganization, Life Interests Corporation had no assets and Southwestern Life had a book value of approximately $287 million.