

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DAVID L. EVANS, | ) | No. ED101212 |
| | ) | |
| Appellant, | ) | Appeal from the St. Louis |
| | ) | County Circuit Court |
| vs. | ) | |
| | ) | Honorable Tommy W. DePriest, Jr. |
| PANERA, LLC, | ) | |
| | ) | |
| Respondent, | ) | Filed:  October 28, 2014 |

### Introduction

David Evans (Plaintiff) appeals the trial court's judgment dismissing his first amended petition for damages against Panera, LLC (Defendant) for failure to state a claim upon which relief can be granted.  Plaintiff contends that the trial court improperly dismissed his amended petition because his right to recover unpaid commissions from Defendant as compensation for his services was not barred by the written agreement requirement pursuant to § 375.116.3, RSMo.[1]  We affirm.

### Factual Background

From 2007 until 2010, Plaintiff was the insurance broker of record for Defendant, a company headquartered and doing business in St. Louis County.  During this period of time, Plaintiff worked to develop and implement Defendant's employee benefit plan by soliciting and

---

[1] All statutory references are to the Missouri Revised Statutes (Supp. 2010), unless otherwise indicated.

negotiating with various insurance carriers for the purpose of procuring insurance policies to provide coverage for employees.[2] In accordance with an oral agreement between the parties, Plaintiff received commissions from the insurance carriers that were deducted from premiums paid on the purchased policies.[3]

In early 2009, Plaintiff was informed by Defendant's human resources department that the company would be utilizing his services for the development of its 2010 employee benefit plan. Thereafter, Plaintiff began working with various insurance carriers and vendors in order to present a plan strategy and to propose recommendations regarding insurance coverage for Defendant's employee benefit plan, some of which were ultimately incorporated into the company's 2010 benefit plan.

In early 2010, Defendant removed Plaintiff as its designated broker of record and entered into an agreement with another broker. In the first quarter of 2010, Defendant did not pay the premiums on the policies procured by Plaintiff. As a result, and because Plaintiff was no longer Defendant's registered broker, Plaintiff did not receive commissions from the insurance carriers on those policies.

Consequently, in 2011, Plaintiff filed an eight-count petition for damages based on theories of *quantum meruit* and breach of contract, alleging that Defendant breached its oral agreement and was "unjustly enriched" by failing to compensate Plaintiff for his services for developing the company's 2010 employee benefit plan. Defendant moved to dismiss the petition for failure to state a claim, asserting that Plaintiff failed to allege the existence of a written agreement for compensation, as required by § 375.116.3. In February 2012, the trial court

---

[2] The insurance policies included coverage for health, prescription, dental, vision, life, disability, and supplemental health coverage.

[3] Although the amended petition does not clearly specify the exact manner in which Plaintiff received compensation, counsel indicated, during oral argument, that Plaintiff received his commissions directly from the insurance carriers.

dismissed Counts I, II, III, IV, V, VI, and VIII of Plaintiff's petition based on the grounds stated in Defendant's motion to dismiss. Thereafter, Plaintiff was granted leave to file an amended petition. In February 2013, Plaintiff filed a first amended petition seeking compensatory damages for "lost earnings and benefits" based on the same claims alleged in its first petition.[4] Plaintiff also sought punitive damages for the breach of contract claim. In January 2014, the trial court dismissed all the remaining counts for the same reasons stated in its February 2012 order. Plaintiff appeals.

**Standard of Review**

The dismissal of a petition for failure to state a claim may be sustained where the petition fails to allege facts essential to recovery. *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. banc 1997). In determining whether sufficient facts exist, we construe the petition broadly in the plaintiff's favor, and accept as true all the allegations and reasonable inferences. *Id*. The trial court's order will be reversed only if the petition alleges facts that, if proven, would entitle the plaintiff to relief. *Jones v. Kennedy*, 108 S.W.3d 203, 206 (Mo. App. S.D. 2003).

**Discussion**

In his sole point, Plaintiff claims the trial court erred by dismissing his amended petition for failure to state a claim on the basis that he failed to allege the existence of a written agreement pursuant to § 375.116.3. Plaintiff maintains that although there was no written compensation agreement between the parties, he is nonetheless entitled to recover from Defendant the amount of unpaid commissions as compensation for his services in developing Defendant's 2010 employee benefit plan under the statutory "exception" of § 375.116.3. In

---

[4] Two additional counts alleging "injurious falsehood" were voluntarily dismissed by Plaintiff. One of the counts was alleged against an individual who was formerly named as a defendant in the underlying action but who is not a party to this appeal.

response, Defendant asserts that the trial court properly dismissed Plaintiff's amended petition because he failed to allege the existence of a written agreement, as required by § 375.116.3.

In the first six counts of his amended petition for damages, Plaintiff alleged *quantum meruit* claims based on "unjust enrichment." For each of these counts, the petition contained the following averments, in pertinent part:

> Plaintiff provided his services to [Defendant] in creating its 2010 benefit plan including the development of the . . . coverage plan with [insurance carrier.]
>
> [Defendant] accepted and agreed to pay Plaintiff for his services in providing the . . . coverage plan for its 2010 employee benefit plan.
>
> [Defendant] knew, appreciated and utilized the . . . coverage plan for its 2010 employee benefit plan provided by Plaintiff.
>
> [Defendant] failed to pay Plaintiff.
>
> [Defendant] knew and appreciated the benefits conferred upon Defendant by Plaintiff.
>
> The reasonable value of the benefit conferred by Plaintiff on [Defendant] is in excess of . . . [.]
>
> [Defendant's] failure to pay is inequitable. [Defendant] has been unjustly enriched if allowed to retain the benefits it has received without paying Plaintiff as agreed.

In the prayer portion of Counts I through VI of the amended petition, Plaintiff requested "compensatory damages" for "past lost earning and benefits with prejudgment interest and other affirmative relief." Plaintiff also sought an award of attorney fees and costs and "such additional and further relief as the court deemed just and proper."

In Count VIII of the amended petition, Plaintiff alleged a breach of contract claim, which included the following averments, in pertinent part:

> Plaintiff and [Defendant] orally agreed that Plaintiff was the insurance broker of record for [Defendant's] employee benefit plan including but not

4

limited to health insurance, dental insurance, life insurance, and disability insurance from 2007 through 2010.

During that time frame, Plaintiff and [Defendant] also orally agreed that [Defendant] would pay Plaintiff's compensation during the plan year as a standard business practice of [Defendant].

In each year in which Plaintiff developed [Defendant's] benefit plans, the normal course of practice was to develop the plan for the following year and be compensated for that work after the plan year.

Plaintiff relied upon the normal course of practice in developing the 2010 benefit plans as set forth above.

Plaintiff developed [Defendant's] 2010 employee benefit plan.

[Defendant] implemented Plaintiff's 2010 employee benefit plan.

[Defendant] failed to compensate Plaintiff for his services in providing the 2010 employee benefit plan to [Defendant] and its employees, thereby breaching the oral agreement and [Defendant's] normal course of practice.

That as a direct and proximate result of the aforesaid conduct of [Defendant], Plaintiff has incurred lost income and commissions.

In the prayer portion of Count VIII, Plaintiff requested compensatory damages "in excess of $25,000.00 . . . which will fully and fairly compensate him for his damages." Plaintiff further requested "past and future lost earnings and benefits with prejudgment interest and other affirmative relief." In addition, Plaintiff sought punitive damages "in an amount sufficient to punish [Defendant] and to deter [Defendant] and others from engaging in illegal conduct."

As an initial matter, we note that Plaintiff's amended petition makes no reference to § 375.116.3 as a basis for recovery of compensation for services. The statutory provisions of § 375.116.3 were raised by Defendant in its motion to dismiss. It is apparent from the subsequent pleadings, the briefs, and the arguments, that the crux of Plaintiff's claim on appeal involves the statutory interpretation of § 375.116.3. Further, as we have found no Missouri cases that have addressed this particular issue, nor have the parties cited any, this appeal presents a

5

question of first impression: whether § 375.116.3 authorizes an insurance broker to recover unpaid commissions from an insured as compensation for services in the absence of a written agreement.

"The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008). "The legislature is presumed to have intended what the statute says, and if the language used is clear and unambiguous[,] there is no room for construction." *Meyer v. Angoff*, 898 S.W.2d 625, 627 (Mo. App. W.D. 1995) (citation omitted).

Section 375.116 states, in pertinent part:

> 1. An ***insurance company . . . may pay money, commissions*** or brokerage for or on account of negotiating contracts of insurance, or placing or soliciting or effecting contacts of insurance, ***to a duly licensed insurance producer***.
>
> *          *          *
>
> 3. ***No insurance producer shall have any right to compensation* other than commissions deductible from premiums on insurance policies or contracts** *from an applicant for insurance or insured* for or on account of the negotiation or procurement of, or other service in connection with, any contract of insurance made or negotiated in this state or for any other services . . . ***unless the right to compensation is based upon a written agreement between the insurance producer and the insured specifying or clearly defining the amount or extent of the compensation***. [Emphasis added.]

Section 375.116 governs the manner in which an insurance broker may be compensated. As a general rule, insurance brokers are typically compensated through commissions paid by the insurers. *See Emerson Elec. Co. v. Marsh & McLennan Co.*, 362 S.W.3d 7, 17 (Mo. banc 2012). Indeed, this is reflected by the statutory language of subsection (1), which specifically authorizes an insurance broker to obtain commissions from insurers with which it places insurance. *See id.* at 18.

Considering the plain language of § 375.116.3, an insurance broker may be compensated in two ways. First, the statute provides that a broker has the right to "commissions deductible from premiums on insurance policies." This is consistent with the traditional means of compensating brokers through commissions from insurers that are deducted from premiums paid on placed policies. *See, e.g., Emerson*, 362 S.W.3d at 17 ("[a] broker typically . . . is compensated by way of commissions paid by the insurers with which he places coverage.") (citation omitted).

Plaintiff claims that he is entitled to recover "commissions" from Defendant as compensation for his services pursuant to the statutory language providing that a broker has a right to "*commissions deductible from premiums on insurance policies*." We disagree.

The plain language of § 375.116 clearly indicates that the legislature intended the statute to act as a general prohibition against insurance brokers receiving compensation from an insured. Subsection (3) of the statute, however, provides an "exception" to this general mandate. This is reflected in the statutory language which allows compensation for services, but only where "*the right to compensation is based upon a written agreement between the insurance producer and the insured specifying or clearly defining the amount or extent of the compensation*." Section 375.116.3.

Giving the words of the statute their plain and ordinary meaning, § 375.116.3 expressly prohibits an insurance broker from receiving compensation from an insured for any services unless the right to such compensation is based upon a written agreement. Thus, to the extent that Plaintiff claims the statute authorizes him to receive commissions from Defendant as compensation for his services without a written agreement is a misreading of the plain language of the statute.

We, therefore, conclude that § 375.116.3 does not authorize an insurance broker to recover unpaid commissions from an insured as compensation for services in the absence of a written agreement. To hold otherwise would clearly frustrate legislative intent. Thus, given the express provisions of § 375.116.3, and accepting as true all of the allegations in Plaintiff's amended petition, the petition fails to allege facts essential to recovery – the existence of a written agreement between Plaintiff and Defendant which clearly defines the amount of compensation owed. Accordingly, the trial court did not err in dismissing the remaining claims of Plaintiff's amended petition.

## Conclusion

For the foregoing reasons, the trial court's judgment is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.