

# In the Missouri Court of Appeals
## Eastern District
### DIVISION TWO

| | | |
|---|---|---|
| PETER A. NICOLAZZI, | ) | No. ED107775 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Bryan L. Hettenbach |
| LAURA L. BONE, | ) | |
| | ) | |
| Respondent. | ) | FILED: November 5, 2019 |

### Introduction

Peter A. Nicolazzi ("Nicolazzi") appeals the trial court's judgment in favor of Laura L.

Bone ("Bone") on Nicolazzi's declaratory-judgment action challenging Bone's status as a

member of the Young in Spirit Adult Daycare, LLC (the "LLC"). Because filing a petition for

declaratory judgment to determine LLC member status does not constitute an act of withdrawal

under Section 347.123(4)(c),[1] we reverse the judgment of the trial court and remand with

instructions to enter judgment consistent with this opinion.

### Factual and Procedural History

The issue on appeal is purely a question of statutory interpretation. Because this Court

previously has reviewed the facts of the case in an earlier opinion, we provide a limited overview

of the case's history here.

---

[1] All Section references are to RSMo (2016), unless otherwise indicated.

Nicolazzi and Bone executed an operating agreement to form the LLC in September 2005. The operating agreement does not contain any provisions regarding withdrawal.

On June 28, 2011, Nicolazzi filed a petition seeking a declaratory judgment to determine Bone's member status. Nicolazzi alleged in his petition that Bone wrongfully used LLC funds for her own personal use. The petition also sought an accounting of the LLC and a constructive trust. Bone filed a counterclaim alleging breach of contract for failure to make the required capital contribution or to perform management duties, breach of fiduciary confidentiality, and fraudulent misrepresentation.

The case proceeded to trial. The trial court entered judgment in favor of Bone on November 1, 2017. Among other findings, the trial court found that Bone was the sole remaining member of the LLC and divested Nicolazzi of his interest in the LLC.

Nicolazzi appealed. This Court affirmed the trial court's judgment except on two issues: whether Nicolazzi breached the operating agreement by attempting to sell his interest in the LLC and whether Nicolazzi withdrew from the LLC. Regarding the latter, this Court found no other actions by Nicolazzi constituted withdrawal under the terms of the operating agreement, including his breaching the operating agreement by failing to make his initial capital contribution, but remanded the case with instructions for the trial court to determine whether Nicolazzi's filing of his petition constituted a statutory "event of withdrawal" pursuant to Section 347.123(4)(c). Nicolazzi v. Bone, 564 S.W.3d 364, 375 (Mo. App. E.D. 2018). On remand, the trial court, with minimal explanation, held that Nicolazzi's filing of his petition did constitute withdrawal from the LLC under Section 347.123(4)(c).[2] Nicolazzi now appeals.

---

[2] Despite this Court's remand with express instructions to determine the status of member withdrawal under Section 347.123(4)(c), the trial court improvidently chose to proceed without any hearing, presentation of evidence, argument or discussion before issuing its judgment, which was bereft of any explanation other than a cursory recitation of the statutory language at issue.

## Points on Appeal

In his sole point on appeal, Nicolazzi argues that the trial court erred in granting judgment to Bone because it misapplied the law in finding that Nicolazzi's act of filing the petition was an act of withdrawal from the LLC under Section 347.123(4)(c).

## Standard of Review

We review questions of statutory interpretation de novo. Ivie v. Smith, 439 S.W.3d 189, 202 (Mo. banc 2014) (internal citation omitted). Accordingly, we "review[] the trial court's determination independently, without deference to that court's conclusions." Pearson v. Koster, 367 S.W.3d 36, 43–44 (Mo. banc 2012) (internal quotation omitted).

## Discussion

This case presents a statutory question of first impression: whether the filing of a petition for a declaratory judgment as to LLC member status is an act of withdrawal by the petitioner under Section 347.123(4)(c) of the Missouri Limited Liability Company Act (the "Missouri LLC Act").[3] Section 347.123, effective as written since 1993, provides:

> **A person** ceases to be a member of a limited liability company upon the happening of any of the following events of withdrawal:
> . . .
>   (4) Unless otherwise provided in the operating agreement or by the specific written consent of all members at the time, **the member:**
>   (a)  Makes an assignment for the benefit of creditors;
>   (b)  Is the subject of a bankruptcy;
>   (c)  Files a petition or answer seeking *for himself* any reorganization, arrangement, composition, readjustment, liquidation, or similar relief under any statute, law or regulation or files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in a proceeding of such nature; or
>   (d)  Seeks, consents to or acquiesces in the appointment of a trustee, receiver or liquidator of the member or of all or any substantial part of his property[.]

---

[3] Section 347.010 names Sections 347.010 to 347.187 as the "Missouri Limited Liability Company Act."

Section 347.123 (emphases added).

The parties' disagreement centers around the phrase "for himself" in Section 347.123(4)(c). Bone contends that "for himself" means for the member's *own benefit*. In contrast, Nicolazzi reasons that "for himself" refers to an entity-member of an LLC, as opposed to a member who is a natural person. Nicolazzi maintains that this provision addresses a scenario in which an entity-member files a petition to reorganize (or otherwise judicially restructure) *itself*. Under Bone's reading of the subsection, Nicolazzi involuntarily withdrew from the LLC when he petitioned to judicially determine membership status for the LLC's two sole members because he did so for his own benefit. Under Nicolazzi's application of the subsection, he did not involuntarily withdraw from the LLC because he did not (and, as a natural person, could not) petition to reorganize, arrange, compose, readjust, liquidate, or otherwise judicially restructure himself as provided under subsection (4)(c).

The "primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute at issue." Ivie, 439 S.W.3d at 202 (internal quotation omitted). "[W]hen the legislature construes its own language by providing definitions, that construction supersedes the commonly accepted dictionary or judicial definition, and it is binding on the courts." Id. at 203 (citing State ex rel. Jackson v. Dolan, 398 S.W.3d 472, 479 (Mo. banc 2013)). Further, we presume that the legislature intended the result provided by the statute, and "if the language used is clear and unambiguous, there is no room for [statutory] construction." Evans v. Panera, LLC, 447 S.W.3d 207, 211 (Mo. App. E.D. 2014) (internal quotation omitted).

4

To interpret the meaning of the phrase "for himself" in Section 347.123(4)(c), we must give effect to the Missouri LLC Act's broadly encompassing definition of a person and, in turn, a member. See Ivie, 439 S.W.3d at 203 (citing State ex rel. Jackson, 398 S.W.3d at 479).

> "Person" includes individuals, partnerships, domestic or foreign limited partnerships, domestic or foreign limited liability companies, domestic or foreign corporations, trusts, business trusts, employee stock ownership trusts, real estate investment trusts, estates, associations, and other business or not-for-profit entities;

> "Member" [is] any person that signs in person or by an attorney in fact, or otherwise is a party to the operating agreement at the time the limited liability company is formed and is identified as a member in that operating agreement and any person who is subsequently admitted as a member in a limited liability company in accordance with [S]ections 347.010 to 347.187 and the operating agreement, until such time as an event of withdrawal occurs with respect to such person[.]

Section 347.015(15), (11). Thus, the Missouri LLC Act makes clear that an LLC member may refer to either a natural person or an entity. See id. We recognize that Section 347.123(4)(c) does not specify a member type, and therefore applies to any type of LLC member. However, as discussed below, in practice, the only contextual application of the language at issue is to entity-members. See St. Louis Cty. v. Prestige Travel, Inc., 344 S.W.3d 708, 714 (Mo. banc 2011) (internal citation omitted) (noting we must interpret the relevant statutory language "in context and in comparison with other sections to determine its meaning").

We agree with Nicolazzi's interpretation of the statute: petitioning to reorganize (or otherwise judicially restructure) oneself—not the LLC—is the trigger for involuntary withdrawal under Section 347.123(4)(c). In interpreting "for himself" to mean restructuring of the LLC member and not restructuring of the LLC for one's own benefit, we note that to hold otherwise would render the statute meaningless and incompatible with the other provisions of the Missouri LLC Act. See Ivie, 439 S.W.3d at 202; Prestige Travel, Inc., 344 S.W.3d at 714; see also Am. Nat'l Prop. & Cas. Co. v. Ensz & Jester, P.C., 358 S.W.3d 75, 85 (Mo. App. W.D. 2011) (noting

5

where possible our interpretation should not render a statute meaningless). In particular, Bone's suggested interpretation would preclude an LLC member from ever seeking judicial resolution of LLC member status. A logical sequence of Bone's interpretation presents a classic Catch-22 because if merely filing a petition to determine LLC member status automatically extinguishes member status, then correspondingly, any member who files a petition loses standing to have brought the petition in the first place. See Ivie, 439 S.W.3d at 202; Am. Nat'l Prop. & Cas. Co., 358 S.W.3d at 85. This illogical result would nullify an appropriate avenue of challenging another member's status on the basis of that member's alleged wrongdoing. Further, such interpretation would contradict other provisions of the Missouri LLC Act, such as a member's right to seek judicial dissolution of the LLC and subsequent right to seek liquidation of the LLC's assets without presumptively lacking standing to ever bring such action. See Section 347.143.2, .149(4); Ivie, 439 S.W.3d at 202; Am. Nat'l Prop. & Cas. Co., 358 S.W.3d at 85.

As this is an issue of first impression in Missouri, we consider the treatment of similarly worded statutes codifying involuntary withdrawal actions in other jurisdictions. Here, our interpretation comports with all existing federal and state court decisions, applying similarly worded statutes, finding that only a member's filing a petition to reorganize itself (rather than to reorganize the LLC) triggers an act of withdrawal. See Oliver v. Johanson, 329 F. Supp. 3d 684, 689–91 (W.D. Ark. 2018) (applying an Arkansas statute providing for withdrawal when a member "files a petition or answer seeking *for the member* any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statute, law, or regulation" and finding withdrawal did not occur when an LLC member petitioned to dissolve the LLC) (emphasis added); Crumpton v. Vick's Mobile Homes, LLC, 779 S.E.2d 136, 137–39 (Ga. Ct. App. 2015) (applying a Georgia statute providing for withdrawal when a person "files a

petition or answer seeking *for the member* any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief" and finding withdrawal did not occur when an LLC member petitioned to dissolve the LLC or otherwise pursue equitable relief or an accounting) (emphasis added); Crouse v. Mineo, 658 S.E.2d 33, 38–39 (N.C. Ct. App. 2008) (applying a North Carolina statute providing for withdrawal when a person "[f]il[es] a petition or answer seeking *for him* any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief" and finding withdrawal did not occur when an LLC member petitioned to dissolve the LLC); Darwin Limes, LLC v. Limes, No. WD–06–049, 2007 WL 1378357 at *5–6 (Ohio Ct. App. 6 Dist. May 11, 2007) (applying an Ohio statute providing for withdrawal when a member "files a petition or answer in any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief proceeding under any law or rule *that seeks for himself* any of those types of relief" and finding withdrawal did not occur when an LLC member petitioned to dissolve the LLC). Our exhaustive multi-jurisdictional review demonstrates that courts interpreting statutes with nearly identical language have rejected the argument that a person's membership automatically is relinquished when the individual member seeks reorganization or dissolution of the LLC rather than for *itself*. See Oliver, 329 F. Supp. 3d at 690–91 (discussing the aforementioned Georgia, North Carolina, and Ohio cases).

In ascertaining the plain meaning intended by the legislature, the federal court in Oliver persuasively explains that the statutory provision for involuntary withdrawal at issue "is a prophylactic measure to protect the other members of an LLC when an entity-member of a limited liability company seeks liquidation, reorganization, or dissolution *for itself*, and is *not* directed to situations where a person brings an action for dissolution or liquidation against the limited liability company." Id. at 689–90. LLC members have a justifiable and legitimate need

7

to require that fellow members retain certain characteristics or lose their membership status, given that an LLC member "should not be bound to manage and operate an LLC with a co-member with which it never intended or agreed to go into business." Eureka VIII LLC v. Niagara Falls Holdings LLC, 899 A.2d 95, 115 (Del. Ch. 2006) (applying the terms of an LLC's operating agreement that mirrors the Delaware involuntary-withdrawal statute); see 6 Del. Code. Section 18–304(1)(d) (providing for involuntary withdrawal when a member "[f]iles a petition or answer seeking *for the member* any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief") (emphasis added). Here, Section 347.123(4)(c) reflects this protective measure. Both this subsection and the other subsections within Section 347.123 focus on triggering events that change the underlying character *of the LLC member*—whether that member is a person-member (who might die or file for bankruptcy, triggering involuntary withdrawal) or an entity-member (who might file for bankruptcy, get sold and lose all its assets, or otherwise voluntarily or involuntarily change from its original status). See Section 347.123(4)–(11). Indeed, the disputed subsection lists triggering actions most naturally applicable to affecting the structural characteristics of an entity-member. See Section 347.123(4)(c) (providing a member involuntarily withdraws by petitioning "for himself any reorganization, arrangement, composition, readjustment, liquidation, or similar relief"); see also Crumpton, 779 S.E.2d at 138 (recognizing the same statutory language in the comparable Georgia statute "lists actions more proper to an artificial person").

Consequently, to meaningfully interpret Section 347.123(4)(c) within the Missouri LLC Act, we must find that Nicolazzi's filing of a petition for a declaratory judgment to determine LLC member status was *not* an act of withdrawal under Section 347.123(4)(c). See Ivie, 439 S.W.3d at 202; Prestige Travel, Inc., 344 S.W.3d at 714; Am. Nat'l Prop. & Cas. Co., 358

8

S.W.3d at 85. The trial court misinterpreted and misapplied the statute. Accordingly, we reverse the judgment of the trial court on the finding of withdrawal and remand for the trial court to reconsider Nicolazzi's member status in the LLC consistent with this opinion.

Conclusion

The judgment of the trial court is reversed and remanded with instructions to enter judgment consistent with this opinion.

KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.